# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * *  \*
ROOSEVELT HARPER,                   \*
                                    \*   No. 15-1188V
          Petitioner,    \*   Special Master Christian J. Moran
                                    \*
v.                                  \*   Filed: October 15, 2018
                                    \*
SECRETARY OF HEALTH                 \*   Attorneys' fees and costs
AND HUMAN SERVICES,                 \*
                                    \*
                                    \*
          Respondent.    \*
* * * * * * * * * * * * * * * * * * *  \*

Ronald C. Homer & Lauren Faga, Conway, Homer, P.C., Boston, MA, for Petitioner;

Voris E. Johnson, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

    Roosevelt Harper prevailed in his claim brought in the National Childhood Vaccine Compensation Program. He is now seeking an award for attorneys' fees and costs. He is awarded $51,811.76.

\*   \*   \*

    Represented by attorney Ronald Homer, Mr. Harper filed a petition on October 13, 2015, alleging that an influenza vaccination caused him to suffer sensorineural hearing loss. After discussions, the parties resolved this case. The

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website, which is accessible to anyone via the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

parties submitted a stipulation that a decision incorporated. Decision, 2018 WL 4936575 (Mar. 30, 2018).

On May 1, 2018, Mr. Harper filed a motion for an award of attorneys' fees and costs. The motion seeks a total of $55,311.76, comprised of $39,367.30 in attorneys' fees, $15,826.21 in attorneys' costs, and $118.25 in costs personally incurred by Mr. Harper.

On May 8, 2018, the Secretary filed a response to Mr. Harper's motion. The Secretary represented that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp., filed May 8, 2018, at 2. With respect to amount, the Secretary recommended that "the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3.

Mr. Harper did not file a reply. This matter is now ripe for adjudication.

\* \* \*

Because Mr. Harper received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the unresolved question is what is a reasonable amount of attorneys' fees and costs?

**I. Attorneys' Fees**

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

A. Reasonable Hourly Rate

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia

and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

 Mr. Harper requests compensation for Attorney Homer, other attorneys at the firm, as well as several paralegals.  For these various attorneys and paralegals, Mr. Harper suggests various rates for each of the legal professionals during the life of the case from 2015 to 2018.  Based on accumulated experience with fee requests from the Homer firm, the undersigned finds the proposed rates are reasonable.

B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

Throughout the case, Attorney Homer, partner at the firm, routinely billed for reviewing all CM/ECF filings received, a vast majority of which are simple scheduling orders or other standard filings, such as notices of appearance.  Moreover, even for more substantive filings, such as expert reports, Attorney Homer only billed 0.1 hours, which indicates that he was not conducting the necessary thorough review of the filings.  It is inappropriate for a partner to bill for mundane tasks, which should properly be billed by a paralegal at most, or for superficial review of substantive filings.  Because of this inappropriate billing, a reduction of $2,000.00 is reasonable.

The Homer firm also billed time for filing documents in CM/ECF.  Filing documents is a clerical task for which attorneys should not charge.  See Guerrero v Sec'y of Health & Human Servs., No. 12-689, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015), mot. for rev. denied in relevant part, 124 Fed. Cl. 153,

3

app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016).  Thus, a reduction of $1,500.00 is reasonable.

    The other proposed hours are reasonable.

## II.    Costs

    In addition to seeking an award for attorneys' fees, Mr. Harper seeks compensation for costs expended, $15,826.21 for attorneys' costs and $118.25 for costs personally incurred by Mr. Harper.  Mr. Harper's personally incurred costs are reasonable.  Pet'r's Mot., exhibit C.

    The majority of the attorneys' costs ($14,500.00) were from expert fees for Dr. Edwin Monsell.  Pet'r's Mot., exhibit B at 13, 16.  (Dr. Monsell's invoices).  This amount is reasonable.

    The remainder of the attorneys' costs are for routine items, such as medical records and the filing fee, which are reasonable and adequately documented.

    Mr. Harper is awarded all costs in full.

*    *    *

    The Vaccine Act permits an award of reasonable attorneys' fees and costs.  §15(e).  The undersigned GRANTS the petitioner's motion and finds $51,811.76 ($35,867.30 in fees and $15,944.46 in costs) to be a reasonable amount for all attorneys' fees and costs incurred.  This shall be paid as follows:

    a. **A lump sum of $51,693.51 in the form of a check made payable to petitioner and petitioner's attorney, Ronald C. Homer, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

    b. **A lump sum of $118.25 in the form of a check made payable to petitioner alone.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran  
Christian J. Moran  
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.